RESCRIPT C. Q. 408.

SAMUEL H. STEPHENS v. SPRINGFIELD FIRE & MARINE INS. CO.

MAY 25, 1906.

As by Gen. Laws cap. 183, sec. 4, clause 6, prescribing the standard form of
insurance policies, any variations may be added to the policy, the only im-
perative force of the statute is to prescribe the type and form of such modi-
fications, and the parties may make their own contract notwithstanding, so
that a contract made thereunder can not be said to be made under duress
or compulsion so as to abridge the right of trial by jury.

We do not find anything in the record which raises a con-
stitutional question. The plaintiff's demurrer to the defend-
ant's second plea assigns for cause, amongst other things,—

1st. That the act of the General Assembly of said State of
Rhode Island, to wit, chapter 183 of the General Laws of said
State, under and by virtue of which said plea is pleaded, is un-
constitutional and void in that it abridges the right of trial by
jury, and is contrary to article 1, section 15, of the constitu-
tion of said State.

The demurrer thus alleges as matter of law that the plea is
pleaded under and by virtue of chapter 183 of the General

Laws. Inasmuch as by clause 6 of section 4 of that chapter any variation of the provisions of the standard form may be added to the policy, the only imperative force of the statute is to prescribe the type and form of such modifications, and the parties may make their own contract notwithstanding the provisions of the standard form.

If in this case the substance of the contract was made under duress or compulsion of a statute, the question might arise as to its constitutionality; but it is not raised here.

The cause is remanded to the Superior Court for further proceedings.

*Henry J. Dubois*, for plaintiff.

*Cyrus M. Van Slyck*, for defendant.

